**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2219
_____

TALON INDUSTRIES, LLC, a Delaware limited liability company, and successor-in-interest to PROGRESSIVE MACHINE CO., INC., d/b/a Progressive Ruesch Machine, Co., LLC,

Appellant

v.

ROLLED METAL PRODUCTS, INC., a Delaware corporation; JOHN DOES 1–20 (fictitiously pled individuals employed, otherwise controlled by, or beholden to Rolled Products, Inc.); ABC CORPORATIONS 1–20 (fictitiously pled entities owned, controlled and/or otherwise beholden to Rolled Products, Inc.)

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:15-cv-04103)
District Judge: Honorable Jamel K. Semper

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 3, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*

(Filed: June 10, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Rolled Metal is a specialty metals company. After buying one machine to wind metal coils, it ordered another. But the manufacturer, Progressive, never built the second one. Doubting Progressive's capacity to fulfill orders, Rolled Metal hired a different company when it later wanted more winders added to the first machine.

Progressive's successor company, Talon, sued Rolled Metal, alleging that Rolled Metal and the replacement manufacturer had "copied Progressive's proprietary … information" to make and add the new winders. Talon App. 91. Two state-law tort claims survived summary judgment and went to trial: unfair competition and misappropriation of trade secrets. Talon lost both claims and now raises a storm of arguments on appeal. All fail.

*First*, Talon argues that, in the jury instructions and verdict interrogatory, the District Court blurred the line between Talon's claims for unfair competition and misappropriation of trade secrets. Talon did not preserve this argument for appeal. And "this case is not a rare case in which we will exercise our discretion to entertain an issue initially raised on appeal." *Taha v. County of Bucks*, 862 F.3d 292, 300 (3d Cir. 2017).

*Second*, Talon contends that the District Court incorrectly instructed the jury that the plaintiff has the burden of proving that the defendant could not have reverse engineered the product (instead of stealing trade secrets to build it). Talon believes that (1) reverse engineering is an affirmative defense, so (2) the defendant bears the burden of proof that reverse engineering was possible.

But we need not resolve this complicated question of state law. Even if the District Court gave an "erroneous jury instruction," it was harmless. *O'Brien v. Middle E. F.*, 57

F.4th 110, 121 (3d Cir. 2023). The jury found that Talon had proven that the winders could not be reverse engineered. So the jury verdict would have been the same if the District Court had relieved Talon of this burden of proof.

*Third*, Talon says the District Court abused its discretion by admitting irrelevant evidence of the company's financial struggles. *Renda v. King*, 347 F.3d 550, 553 (3d Cir. 2003). Wrong. Evidence of financial struggles is plausibly relevant to compensatory damages: If Talon did not have enough money to make the additional winders itself, then it would not have benefitted from being awarded the contract, so its damages would be lower.

*Fourth*, Talon argues that the District Court abused its discretion by admitting expert testimony from Kenneth Walker because he was not qualified to give the opinions that he did. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). There are "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

The District Court reasonably found all three boxes checked here. Walker was qualified: He had 30 years of experience working with winding machines. *See Hammond v. Int'l Harvester Co.*, 691 F.2d 646, 653 (3d Cir. 1982). His testimony was reliable: He testified in detail about his longstanding industry experience. *See United States v. Walker*, 657 F.3d 160, 175–76 (3d Cir. 2011). And his testimony fit the case: Walker's testimony that "traverse winders all generally work the same way" was relevant to whether the alleged trade secret was "the secret of a particular employer and not a matter of general knowledge in the industry." Rolled Metal Supp. App. 56 (first quotation); *Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 431 (3d Cir. 1982) (second quotation).

*Fifth*, Talon asserts that the District Court abused its discretion by admitting expert testimony from Vincent Thomas because it lacked reliability and fit. Not so. Thomas applied a facially reasonable methodology to calculate lost profits. And though the record has no evidence of peer reviews or other methodological verifications, Thomas has nearly 30 years of experience calculating litigation damages. That is enough to make his calculations reliable. *See Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 406 (3d Cir. 2003). Talon's argument about fit likewise falters. It merely rehashes Talon's meritless argument addressed above that evidence of its insolvency is irrelevant.

Because Talon has not shown that the District Court reversibly erred in any way, we will affirm.